IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 2, 2010

**EARNEST BANKS v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-01834     John P. Colton, Jr., Judge**

_____

**No. W2009-00598-CCA-R3-PC  - Filed May 19, 2010**

_____

The petitioner, Earnest Banks, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief.  The petitioner pled guilty to burglarizing a motor vehicle and was sentenced, as a Range II offender, to a term of three years in the Department of Correction.  On appeal, the petitioner contends that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel.  Specifically, he contends that trial counsel placed him in "an untenable position of mounting no defense . . . or waiving his privilege against self-incrimination," based upon trial counsel's refusal to cross-examine witnesses regarding an unidentified third party.  Following review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

James P. DeRossitt, IV, Memphis, Tennessee, for the appellant, Earnest Banks.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The underlying facts of the case, as recited on direct appeal, are as follows:

On October 27, 2004, the victim, a plumber, loaded some items into his

truck at his house. He heard a dog barking and went out to his carport to investigate. He noticed that his truck door was open and some feet were dangling out of the door. The victim told the person in the truck, [the petitioner], to get out of the truck and threatened to hit him with a large cinder block. The victim told [the petitioner] to leave his house. While [the petitioner] walked down the [driveway], the victim called the police department. In order to make sure that the police arrested the correct person, the victim followed [the petitioner]. [The petitioner] walked around the block and returned to the victim's house. When the victim saw [the petitioner] returning to his house, he called the police again. Soon after he made the call, an officer came down the street with [the petitioner] carrying a brown paper bag. The bag contained some spot lights, light bulbs, and some plumbing parts. The victim identified these items as the items that he placed in the backseat of his truck.

*State v. Ernest Banks*, No. W2006-00216-CCA-R3-CD, 2007 WL 34824, at *1 (Tenn. Crim. App. at Jackson, Jan. 4, 2007).

Based upon this conduct, the petitioner was indicted by a Shelby County grand jury and subsequently pled guilty to burglarizing a motor vehicle. Following a sentencing hearing, the trial court imposed a three-year sentence, as a Range II multiple offender, to be served in the Department of Correction. The court further ordered that the sentence be served consecutively to a previously imposed nine-year sentence. The petitioner filed a direct appeal, and a panel of this court affirmed the conviction.

Thereafter, the petitioner filed a *pro se* petition for post-conviction relief, alleging an involuntary guilty plea based upon the ineffective assistance of counsel. Counsel was appointed, and a hearing was held before the post-conviction court. The only witness to testify at the hearing was the petitioner. He testified that he was represented by trial counsel in both this case and a separate case in which the petitioner was charged with aggravated burglary. The petitioner testified that he proceeded to trial in his first case and was convicted. He stated that he was unhappy with trial counsel's representation in that case and asked the trial court in the instant case to remove trial counsel. However, the court refused. The petitioner stated that he felt that counsel failed to prepare this case for trial and that, on the day of the trial, he was not brought into the courtroom until after jury selection.

The petitioner went on to testify that he was innocent of both crimes for which he had been charged. With regard to the burglary of a motor vehicle charge, the petitioner maintained that he purchased the stolen items from an unidentified man on the street prior to his arrest. He stated that he wanted to proceed to trial and present this defense, asking trial

counsel to show that none of the stolen items were in the petitioner's possession during his first encounter with the victim. The petitioner said that he informed trial counsel of his desire to cross-examine police detectives and the victim regarding this third party who had been in the area when the crimes were committed. The petitioner stated that trial counsel informed him that, in order for this defense to be presented, the petitioner would have to testify in his own defense. The petitioner informed trial counsel that he did not wish to testify because he believed the State would impeach his credibility with evidence of prior convictions. According to the petitioner, trial counsel then informed him that he would not cross-examine the State's witnesses regarding the third person unless the petitioner took the stand. The petitioner went on to testify that after trial counsel refused to present the requested defense, he felt that his only choice was to accept the plea agreement even though he maintained his innocence.

After hearing the evidence presented, the post-conviction court denied the petition by written order. This timely appeal followed.

**Analysis**

On appeal, the petitioner asserts that the post-conviction court erred in denying relief because the guilty plea was not entered knowingly and voluntarily, based upon the ineffective assistance of counsel. Specifically, the petitioner contends that trial counsel's refusal to cross-examine the police and the victim regarding the unidentified third party placed the petitioner "in an untenable position of either mounting no defense to the prosecution's case, or waiving his privilege against self-incrimination and testifying at his trial." He further argues that since the State presented no evidence at the post-conviction hearing, his uncontradicted testimony established both deficiency and prejudice.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent

of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably-based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). However, this deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id*. at 458.

## I. Ineffective Assistance of Counsel

As noted, the petitioner's argument with regard to trial counsel's ineffectiveness is based upon his assertion of counsel's "abdication of his responsibility to conduct a thorough and searching cross-examination of witnesses," which the petitioner claims denied him effective representation at trial. He further alleges that the "refusal to conduct a thorough and

searching cross-examination of the prosecution witnesses would likely have created a reasonable doubt concerning the [petitioner's] guilt, because such cross-examination might have exposed the presence of another, unidentified person who could reasonably be inferred to have burglarized the vehicle."

The post-conviction court denied relief by written order, finding that the petitioner had failed to produce the unidentified witnesses at the post-conviction hearing or establish what their testimony would have been. Thus, the court concluded that it was "impossible to determine whether or not their absence would have swayed the jury's decision." The court further found that the petitioner had failed to establish that counsel was deficient in his investigation.

As an initial matter, we note that the petitioner failed to include a copy of the plea hearing in the record on appeal. It is the petitioner's burden to provide this court with an adequate record to conduct its review. Tenn. R. App. P. 24(b). Without a complete record, this court may find that the petitioner's claims are waived. *State v. Ballard*, 855 S.W.2d 557 (Tenn. 1993). Nonetheless, in this case, in the interest of finality, we elect review despite the absence of the transcript.

While the petitioner relies upon his own testimony to establish the existence of his claim, it is clear from a reading of the post-conviction court's order that it found that the testimony was not credible. It has been held multiple times that "questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matter entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). As such, the post-conviction court's credibility determinations are conclusive on appeal unless the evidence preponderates against them. *Id*. In the case before us, we find no evidence to preponderate against the findings of the court.

Moreover, while the petitioner is correct that the decision of whether to testify in his own behalf is solely his own decision, matters of trial strategy, such as appropriate defenses to pursue, are left to the discretion of counsel. In this case, the petitioner's testimony established that trial counsel believed the defense asserted by the petitioner would not be a viable one unless the petitioner chose to testify. Based upon the record, we would conclude that trial counsel's concerns and choice in this matter of strategy were justified. Finally, we would note, as did the post-conviction court, that the petitioner failed to establish the prejudice prong of his claim, as he failed to produce witnesses at the post-conviction hearing to establish what their testimony would have been at trial. It is the petitioner who bears this burden, and he failed to do so in this case. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Therefore, we must agree with the post-conviction court that the petitioner failed to establish his claim of ineffective assistance of counsel.

-5-

## II. Involuntary Guilty Plea

The petitioner also contends that, based upon trial counsel's ineffective assistance, his guilty plea was not knowingly and voluntarily entered. However, having concluded that the petitioner was not denied the effective assistance of counsel, we must also conclude that this argument must fail. Additionally, in light of the fact that we have no transcript of the plea hearing for review, we must assume that the trial court gave all the proper admonitions prior to its acceptance of the plea and that the petitioner, aware of the consequences, entered the agreement both knowingly and voluntarily.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE